WEBER et al, *Respondents,*
*v.*
ROLISON et ux, *Appellants.*

549 P2d 1119

*Donald H. Joyce,* Portland, argued the cause and filed a brief for appellants.

No appearance for respondents.

DENECKE, J.

## DENECKE, J.

The trial court rescinded a land sale contract between plaintiffs-buyers and defendants-sellers, the Rolisons. The trial court found defendants misrepresented that the five-acre recreational tract sold plaintiffs would make an excellent location on which to construct a summer home. Defendants appeal.

Defendants admit that no buildings could, at the time of sale, be placed on the tract; however, they contend that they made no misrepresentation of that fact. That is the only relevant contention advanced.

The trial court found: "The evidence further established that at the time the contract of sale was executed Mr. Olson [sic] [Rolison, a defendant] and Mr. Weber [a plaintiff] discussed Weber's building an 'A frame' or placing a trailer house upon the premises for recreational purposes."

The plaintiff Weber testified to this effect. The defendant Rolison testified: "And I asked him what he was going to do with it, and he said nothing for awhile. And if he discussed anything else, I sure don't remember."

In a trial de novo, which we have here, we treat the trial court's findings as persuasive when they depend upon a decision as to the credibility of witnesses. *Carlson v. Pryor,* 262 Or 131, 134, 497 P2d 202 (1972). Persuaded by the trial court's findings, we find defendants misrepresented that plaintiffs could build a house or place a trailer on the property.

Affirmed.